IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

MARY STEPHENS, Individually and as
Guardian of A'Moriyah Stephens                                              PLAINTIFF

v.                          No. 2:25-cv-193-DPM

HELENA-WEST HELENA SCHOOL
DISTRICT; TONY ROACH, Principal in
his Individual and Official Capacity;
XAVIER HODO, Superintendent, in his
Individual and Official Capacity; and
HELENA-WEST HELENA SCHOOL
DISTRICT BOARD OF DIRECTORS, in
their official capacity                                                      DEFENDANTS

## ORDER

Proceeding *pro se* in state court, Mary Stephens sued the Helena-West Helena School District and various school officials. Mary sued individually and as guardian for her then-minor daughter, A'Moriyah. Mary made five claims, federal and state, about A'Moriyah's education. Among the federal claims in her complaint and amended complaint were alleged violations of Section 504 of the Rehabilitation Act, the Americans with Disabilities Act, and "Denial of Education/Failure to Provide FAPE." *Doc. 1 at 5; Doc. 3 at 3*. After being served, the District defendants removed the case here. There have been many filings in the past three months. The Court has been delayed in addressing them.

*First*, Mary's motion to strike the District defendants' affirmative defenses is denied. At this early stage, all the defendants must do is assert that these defenses may apply. *Zotos v. Lindbergh School District*, 121 F.3d 356, 361 (8th Cir. 1997).

*Second*, Mary's motion for service is denied as moot. All the District defendants were served when the case was in state court.

*Third*, Mary's motion to amend by adding her husband and A'Moriyah—who has turned eighteen—is conditionally granted with directions. Mary's motion to supplement her complaint is conditionally granted with directions, too.

The directions: The Stephenses must file a second amended complaint by 17 February 2026. They must bring all their allegations and claims into one document. For each claim, they must specify which of them is asserting each claim, what specific facts support their claim, and what relief is sought. Group pleadings is not acceptable; each person must specify his or her claims and alleged injuries. Thereafter, the District defendants may renew their no-standing arguments, and make any other applicable threshold arguments, in a motion to dismiss.

In the briefing on any such motion, please address *Winkelman v. Parma City School District*, and the later cases about parental standing on Section 504 and ADA claims. *Compare, e.g., M.W. ex rel. Williams v. Avilla R-XIII School District*, 2011 WL 3354933 (W.D. Mo. 3 August 2011),

with, e.g., *A.M. ex rel. J.M. v. NYC Department of Education*, 840 F.Supp.2d 660 (E.D. NY 17 January 2012).

*Fourth*, in her replies, Mary cites two cases that do not exist: *K.H. v. Northside Indep. Sch. Dist.*, No. 5:17-cv-00457, 2018 WL 6171814 (W.D. Tex. Nov. 26, 2018); *A.L. v. Jackson County Sch. Bd.*, No. 5:18-cv-101, 2019 WL 12377918 (N.D. Fla. 2019). *Doc. 14 at 2 & Doc. 21 at 2*. The Court directs Mary to explain how she came to cite these phantom cases. By 6 February 2026, Mary must file an explanatory notice about that. The Court also refers Mary to Fed. R. Civ. P. 11(b), which imposes various duties on lawyers and *pro se* litigants, and Fed. R. Civ. P. 11(c), which covers the potential consequences for violating one of those duties.

\*

Motions, *Doc. 5 & 7*, conditionally granted with directions. Motions, *Doc. 6 & 8*, denied. Mary's explanatory notice due by February 6th. Second amended complaint due by February 17th.

So Ordered.

*/s/ D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

20 January 2026